UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALDO ZAVALETA,

    Petitioner,

v.                                       Case No. 12-15674

DAVID BERGH,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Donaldo Zavaleta filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court jury trial conviction for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner was sentenced to 20 to 60 years' imprisonment for the murder conviction, and a consecutive two years' imprisonment for the firearm conviction. The petition raises three claims: (1) the trial court erred in failing to instruct the jury on the lesser offense of manslaughter; (2) Petitioner's trial and appellate counsel were ineffective; and (3) the police and prosecutor committed misconduct. Respondent argues that Petitioner's first claim lacks merit and that his other claims are barred from review. For the reasons set forth below, the court will deny the petition.

**I. FACTS AND PROCEDURAL HISTORY**

The evidence presented at trial indicated that on the evening of June 8, 2007, Chistopher Glumm, James Rich, and Suzanne Wellman planned to attend a bonfire in

the City of Taylor.  As they approached the location of the bonfire, Glumm and Wellman got into an argument which resulted in Glumm and Rich exiting Wellman's vehicle. Glumm yelled profanities at Wellman as she pulled away.  Glumm and Rich then proceeded to walk towards the location of the bonfire.

At the same time, Brenda Dunn was in her front yard with her grandchildren and overheard the yelling.  Dunn in turn yelled at Glumm about his language, which resulted in further profanities directed at her from Glumm.  Petitioner, Dunn's boyfriend, came out of her house and told Dunn to cool down and come back inside.  Glumm and Rich continued to walk down the street toward the bonfire.  Glumm stayed for approximately fifteen minutes, and then he told Rich he was going home.

Dunn testified that about ten minutes after the first argument, Glumm returned in front of her house with his arms folded. He threw his hands up, and said to Petitioner, "let's do this motherfucker."  Dunn testified that Petitioner did not say anything, but instead pointed a handgun at Glumm and shot him.  The bullet struck Glumm in the chest, but he managed to walk across the street to another house where a few people were sitting on a porch.  He told them "that fucker just shot me," and described the shooter as "the guy behind Johnny's house . . . with the long hair, the long pony tail."

Police Officer Matthew Edwards testified that he responded to Detroit Receiving Hospital to speak to Glumm before he went into surgery.  Glumm told Officer Edwards that he was shot by a man in his forties wearing a black do-rag.

Petitioner testified in his own defense.  Petitioner claimed that during the first argument, Glumm and Rich threatened to come back and kill him and Dunn. Approximately ten or fifteen minutes after the argument, Glumm returned alone.

2

According to Petitioner, as he walked towards Glumm, Glumm told Petitioner that he was going to kill him. Petitioner was concerned about the safety of his son, who was walking right behind him. Petitioner told Glumm to back off, but Petitioner saw Glumm go into his pocket and pull what appeared to be the handle of a gun. Petitioner then fired one shot at Glumm and fled the scene with his son. No weapon was found at the scene or on Glumm.

The jury apparently chose not to believe Petitioner's claim of self defense, and found Petitioner guilty of second-degree murder and commission of a felony with a firearm. Petitioner was then sentenced as indicated above.

Petitioner filed a claim of appeal in the Michigan Court of Appeals, and his appointed counsel raised the following claim:

> Mr. Zavaleta was denied a fair trial because the trial court refused to instruct his jury on the elements of voluntary manslaughter as a lesser included offense to first degree murder where there was evidence on the record in support giving the requested instructions.

The Michigan Court of Appeals rejected the claim and affirmed in an unpublished opinion. *People v. Zavaleta*, No. 282195, 2009 WL 1101377, at *3 (Mich. Ct. App. Apr. 23, 2009). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court raising the same claim as in the Michigan Court of Appeals, as well as an additional claim:

> Defendant was denied his state and federal constitutional rights to due process and a fair trial and was denied effective assistance by both trial and appellate counsels; Defendant was denied his state and federal constitutional right to the effective assistance of counsel, where trial defense counsel failed to object during trial and appellate counsel erred in describing some of the events leading to Defendant's charges.

The Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Zavaleta*, 774 N.W.2d 889 (Mich. 2009) (table).

Petitioner then filed a motion for relief from judgment in the trial court, raising the following claims:

> Defendant was denied his state and federal constitutional rights to a properly instructed jury because the trial court refused to instruct his jury on the elements of voluntary-manslaughter; involuntary manslaughter; careless discharge of a firearm; negligent homicide; justifiable homicide or self-defense as lesser included offenses where there was evidence on the record that supported giving these instructions.
>
> Defendant's trial and appellate counsels were ineffective. Trial counsel told Defendant not to take plea that had been offered and to go to trial and failed to insist on jury instructions to voluntary manslaughter and other lesser included offenses and allowed Defendant to testify. Appellate attorney was ineffective in arguing Defendant's case on appeal by not arguing the issues Defendant is arguing in this motion for relief from judgment.

The trial court denied the motion for relief from judgment under Michigan Court Rule 6.508(D)(2) and (D)(3). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, but the court denied leave "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Zavaleta*, No. 305722 (Mich. Ct. App. Dec. 27, 2011).

Petitioner applied for leave to appeal in the Michigan Supreme Court, but his application was also denied under Rule 6.508(D). *People v. Zavaleta*, 820 N.W.2d 795 (Mich. 2012) (table).

4

## II. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)–(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court does not justify issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotation marks omitted)).

Additionally, the court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

The Supreme Court has explained the proper application of the "contrary to"

clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405–06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, 562 U.S. 86, (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

6

### III. ANALYSIS

### A. Failure to Give Manslaughter Instruction

Petitioner's first claim asserts that the state court's failure to instruct the jury on voluntary manslaughter violated the Due Process Clause of the Fourteenth Amendment. This claim fails because Petitioner cannot point to any "clearly established [f]ederal law" requiring a trial court to instruct the jury on a lesser-included offense in a non-capital case. § 2254(d)(1).

Federal courts may grant habeas relief only on the basis of federal law that has been clearly established by the Supreme Court. § 2254(d)(1). And the Supreme Court has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case. *See Beck v. Alabama*, 447 U.S. 625, 638, n.14 (1980). Simply put, "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795–97 (6th Cir. 1990) (en banc)). Because the Supreme Court has never held that due process requires lesser-included offense instructions in a non-capital case, Petitioner's claim cannot form a basis for granting habeas relief. *See McMullan v. Booker*, No. 12-1305, 2014 WL 3823980, at *8 (6th Cir. Aug. 5, 2014).

### B. Ineffective Assistance of Counsel

Petitioner's second claim asserts that his trial and appellate counsel were ineffective. Respondent contends that the claim is procedurally defaulted because Petitioner presented these claims in his post-conviction motion and failed to show cause

and prejudice for failing to raise these claims in the Michigan Court of Appeals in his appeal of right, as required by Michigan Court Rule 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can: (1) demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or (2) that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." Rule 6.508(D)(3)(b)(i).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3), nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). The court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

In the present case, the trial court rejected Petitioner's ineffective assistance of counsel claim on the grounds that Petitioner had failed to establish good cause for failing to raise the new issues on his direct appeal or actual prejudice. Mich. Ct. R. 6.508(D)(3). Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in Rule 6.508(D)(3), Petitioner's post-conviction claims are procedurally defaulted. *See Ivory v. Jackson*, 509 F. 3d 284, 292–93 (6th Cir. 2007); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

Petitioner alleges that his appellate counsel's failure to raise his new claims during his direct appeal constitutes cause to excuse his default. It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

9

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the process of "winnowing out weaker arguments on appeal and focusing on" those more likely to prevail. *Barnes*, 463 U.S. at 751–52. "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his ineffective assistance of counsel claim. Petitioner's ineffective assistance of counsel claim is not clearly stronger than his first habeas claim. The court notes that the trial was a relatively straight forward case of claimed self-defense. Petitioner admitted that he shot the victim, and the only real question was whether the jury credited his testimony that the victim reached for what Petitioner believed to be a gun, though the victim was in fact unarmed. Having reviewed the transcript, the court concludes that appellate counsel's decision not to challenge the effectiveness of trial counsel's performance was a reasonable tactical decision. Defense counsel ably presented Petitioner's defense to the jury, and was obviously prepared for trial. It is also worth noting that counsel's

defense was at least partially successful in that the jury did not find Petitioner guilty of first-degree murder. In light of the trial record, Petitioner's appellate counsel acted reasonably in choosing not to raise an ineffective assistance of trial counsel claim. Moreover, given the simple nature of the case, the alleged deficiencies of trial counsel would not, with reasonable probability, have changed the outcome of the trial or Petitioner's direct appeal.

Because the post-conviction claim lacks merit, the court must also reject any independent ineffective assistance of appellate counsel claim raised by Petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Additionally, Petitioner has not presented any new reliable evidence to support an assertion of innocence which would allow the court to consider his new claims despite the procedural default. Because Petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the court declined to review Petitioner's defaulted claims on the merits. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002).

### C. Police and Prosecutor Misconduct

Petitioner's third claim asserts that he is entitled to habeas relief because the police and the prosecutor engaged in misconduct. Respondent contends that this claim was never presented to the state courts, and because Petitioner no longer has a procedure available to present it to the state courts, the claim is barred from review in this action.

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Each issue must be properly raised before both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must also be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record indicates that Petitioner did not raise his third habeas claim in either his direct appeal or in his motion for relief from judgment and subsequent appeal. The claim is therefore unexhausted. Further, any attempt to return to state court to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a criminal defendant is generally permitted to file only one post-conviction motion for relief from judgment. *Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner's police/prosecutorial misconduct claim does not fall within one of the exceptions for filing a second motion. *See* Mich. Ct. R. 6.502(G)(2).

Because Petitioner has not exhausted this claim in the state courts and he no

longer has an available remedy by which to do so, the claim is now defaulted. When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted those claims for purposes of federal habeas review. See *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

In this case, Petitioner neither alleges nor establishes cause to excuse this procedural default. Any deficiencies by defense counsel relative to Petitioner's direct appeal are immaterial because Petitioner could have still properly exhausted this claim in his motion for relief from judgment and subsequent appeal. A prisoner's *pro se* status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). The court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Further, for the reasons discussed *supra*, Petitioner has also failed to demonstrate that a fundamental miscarriage of justice has occurred. His third claim is thus unexhausted, barred by procedural default, and does not warrant habeas relief.

Accordingly, Petitioner has not demonstrated entitlement to relief, and his petition must be denied.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336–37. The court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the court's assessment of Petitioner's claims.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. # 1) is DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2014, by electronic and/or ordinary mail.

                                              s/Lisa Wagner  
                                              Case Manager and Deputy Clerk  
                                              (313) 234-5522